IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **THOMAS MANN, JR.** | § | |
| | § | |
| | § | |
| **V.** | § | **6:26-CV-497-CRW** |
| | § | |
| | § | |
| **TODD BLANCHE** | § | |

### ORDER OF DISMISSAL

Before the Court is Thomas Mann, Jr.'s filing which he has entitled "Habeas Corpus Petition." Mann is proceeding pro se and has paid the filing fee.

Mann appears to contend that his private residence is, in fact, the equivalent of a prison because of the alleged actions of the federal government. Mann contends that he is somehow being investigated through the Foreign Intelligence Surveillance Act, that a "person" who has identified himself to Mann as "Greatest God" has used his "celestial powers" to delay Mann's flights and subject Mann to assorted physical ailments. Mann also claims that "Greatest God masquerades as Elon Musk." Mann further asserts that federal agents regularly enter his home and leave notes, including advising him "how much diabetic medicine to take." Mann contends this makes his house into a prison and he asks the Court to release him.

Habeas corpus relief is properly sought by a prisoner who challenges the fact or duration of his confinement in prison on the basis of a criminal conviction and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490, (1973). Whether construed as a petition for a writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254 or as a motion to vacate, set aside, or correct federal sentence under 28 U.S.C. § 2255, Mann does not challenge a state or federal conviction and is not in state or federal custody. The facts alleged and the relief

1

Mann requests are not appropriate in a habeas petition. In short, Mann fails to present any basis for federal habeas relief. His filing is not the proper vehicle to pursue his alleged claims against the federal government.

The Court declines to construe Mann's filing as a civil rights case pursuant to 42 U.S.C. § 1983 because his claims appear to be factually frivolous and would be dismissed as such. *See Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (explaining that a court may dismiss a claim as factually frivolous if the facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'").

<u>CONCLUSION</u>

It is therefore **ORDERED** that Mann's case is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and is **CLOSED**.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

SIGNED on August 5, 2026

CHRISTOPHER R. WOLFE
UNITED STATES DISTRICT JUDGE

2